IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

Plaintiff,

v.

No. 08-CV-1108 WJ/LAM

MATTHEW VOLLMER and

TOMMY VALDEZ,

Defendants.

## MOTION FOR ATTORNEY FEE AND EXPENSES

THIS MATTER came before the Court on a bench trial held on June 6, 2011. The issues having been duly tried, and the Court having issued its Findings of Fact and Conclusions of Law concluding that pro se Plaintiff Triginal D. Jackson should be awarded $400 against Vollmer for Jackson's lost property. Mr. Jackson was just sentenced to 18 months stayed sentence and 1 year probation for merely walking away and talking loud. This verdict just goes to show why people should take the law into their own hands. Thank you for proving this point.

Mr. Jackson being educated to the skill level of a Para-legal in document writing. Mr. Jackson has attended CNM/ Rio Salado for this training and has occurred legal expense to amounting of $1500. Documents and brief.

Mr. Jackson motions This Court for the cost of legal fees acquired in 2 (two) years of litigation.

| | |
|---|---|
| 350 pages of paper x $.50 each | $170/$240 |
| Travel local $2 x 40 trips | $80/160 |
| Mailing 10.50 certified | $21/+trip $38 |
| Housing while in NM for Trial Share expense (reduced) | $178/89 |
| Legal prep. For trial 2 hours x $25 | $50 |

| | |
|---|---|
| School Fee acquired to fight case | $ 4500 |
| Supplies (paper, computer, printer, misc.) | $550 |
| Litigation Man Hours (Documents prep. Time) (100 x $20) | $2000 |
| Total | $7638.00 |
| Total | $1499.00 |

### Fee calculation cases

This Court being fully aware that expense sometimes exceed the award its. **Richlin Security Service Co. Chertoff** 553 U.S. ___ (2008)Pro-se litiagants do have a right to be duly compensated for the expense that accrued during litigation. Berman V. Schweiker 531 F. Supp. 1149 (N.D.Ill. 1982) aff'd 713 F.2d 1290 (7th Cir. 1983) moreover, denying compensation for student law clerks would be counter-productive. Wisconsin V. Yonder 406 U.S. 205,92s.ct 1526(1972) Jones V. Alfred H. Mayer CO. 392 U.S. 409(1968) On appeal in Southern Alliance for Clean Energy v. Duke Energy Carolinas, LLC, ___ F.3d ___, 2011 WL 1421794 (4th Cir. April 14, 2011), This certainly qualified as "some success," requiring affirmance of the district judge's fee award in favor of plaintiffs. **The Civil Rights Attorney's Fee Awards Act.,** codified at 28U.S.C.2201, 2202 restatement (second) of torts 766 A and 766 B title VII discrimination under Civil Right Act of 1964 Equal Access to Justice Act 28 U.S.C. 2412 28 U.S.C. 2412 (b) Fed.R.Civ.P.375 U.S.C. sec. 504 (a) (1) **EQUAL ACCESS TO JUSTICE ACT, PARALEGAL FEES, ATTORNEY'S FEES,** Mich. Comp. Laws 791.251 (6) 28 C.F.R. 541.15 (i), Privacy Act of 1964 (5 U.S.C. section 552 (a),

Wherefore Plaintiff on this day Friday, July 22, 2011 requests this Court to order defendant Vollmer to pay the legal fees of Triginal Jackson. This Court has not render ruling on Expense acquired via litigation to Mr. Jackson. It would only be fair that if Mr. Jackson is held to the standard of an Attorney that he is at least compensated as an Attorney would be for the expense acquired during the legal process.

Respectfully Submitted,